IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY FELDMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CATALYST BRANDS LLC; PENNEY OPCO d/b/a JCPENNEY; and AUTHENTIC BRANDS GROUP, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-00649<br>JUDGE MICHAEL J. TRUNCALE<br><br>**LEAD CASE** |

AND

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL JATTA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CATALYST BRANDS LLC; and PENNEY OPCO d/b/a JCPENNEY,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-00652<br>CHIEF JUDGE AMOS L. MAZZANT |

AND

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BEVERLY HUDSON, individually and on behalf of all others similarly situated,<br>*Plaintiff*,<br>v.<br>CATALYST BRANDS LLC; and PENNEY OPCO d/b/a JCPENNEY,<br>*Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 4:26-CV-00655<br>JUDGE MICHAEL J. TRUNCALE |

AND

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHARI HOFMANN, individually and on behalf of all others similarly situated,<br>*Plaintiff*,<br>v.<br>CATALYST BRANDS LLC; and PENNEY OPCO d/b/a JCPENNEY,<br>*Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 4:26-CV-00665<br>JUDGE MICHAEL J. TRUNCALE |

AND

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ISAAC TELES-ROSARIO,<br>individually and on behalf of all<br>others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CATALYST BRANDS LLC; and PENNEY<br>OPCO d/b/a JCPENNEY,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-00666<br>JUDGE MICHAEL J. TRUNCALE |

AND

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PING WU, individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CATALYST BRANDS LLC; and PENNEY<br>OPCO, agent of JCPENNEY,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-00668<br>CHIEF JUDGE AMOS L. MAZZANT |

**<u>MEMORANDUM ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE THE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL</u>**

Plaintiffs in the six above-captioned cases (the "Related Actions") seek consolidation under Federal Rule of Civil Procedure 42 (the "Consolidation Motion"). [Dkt. 11]. Specifically, Plaintiffs request that the Court: (1) consolidate the Related Actions pursuant to Rule 42(a), (2) appoint Gerald D. Wells, III of Lynch Carpenter, LLP and Raina Borrelli of Strauss Borrelli PLLC as

Interim Class Counsel (collectively, "Proposed Interim Class Counsel"), (3) stay the above-captioned cases as to pleading and other deadlines, and (4) require the filing of a consolidated complaint within 45 days of entry of an order consolidating the cases and appointing Proposed Interim Class Counsel.

Having reviewed the Consolidation Motion and the record in each case, the Court concludes that the Motion will be **GRANTED IN PART**.

**I.**

Plaintiffs Jeffrey Feldman, Michael Jatta, and Beverly Hudson filed their class action complaints on June 15, 2026, seeking to hold Catalyst Brands LLC and JCPenney liable for the alleged disclosure of hundreds of thousands of sensitive employment-related records belonging to them and other individuals affected by a data breach incident on or about June 12, 2026 (the "Data Breach").[1] *See, e.g.*, *Feldman*, No. 4:26-cv-649, [Dkt. 1]. Thereafter, the other Related Actions were filed by Plaintiffs Shari Hofmann, Isaac Teles-Rosario, and Ping Wu, arising from the same Data Breach and operative facts and asserting substantially identical claims on behalf of an overlapping putative class. *See, e.g.*, *Hofmann*, No. 4:26-cv-665, [Dkt. 1].

In the Related Actions, Plaintiffs allege that Defendants failed to implement reasonable data security practices to protect Plaintiffs' and the putative class members' PII, including their names, W-2 tax records, and Social Security numbers, resulting in unauthorized access to this information. The Related Actions seek to remedy Defendants' alleged failures and the consequences arising therefrom. Accordingly, Plaintiffs each filed their complaints as putative class actions on behalf of themselves and all others affected by the Data Breach.

[1] The *Feldman* case is the only one bringing claims against Authentic Brands Group, LLC. [Dkt. 11 at 3]. However, all Defendants are nevertheless related because Authentic Brands Group is a company that operates a portfolio of retail apparel brands that includes JCPenney and Catalyst Brands, LLC. *Id.*

On July 2, 2026, Defendants filed a response to the Consolidation Motion, where they indicated their consent to consolidation and the requested stay, but took no position regarding interim class counsel. [Dkt. 14 at 3]. Defendants further consented to the 45-day deadline for Plaintiffs to file a consolidated complaint, and noted that conferral with Plaintiffs' counsel indicated that Plaintiffs agree to Defendants' request for a similar 45-day deadline to respond. *Id.*

**II.**

Rule 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quotation marks and citation omitted). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that [consolidation] would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). The purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties." *Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985). "Consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp.*, 712 F.2d at 989.

In their Consolidation Motion, Plaintiffs contend, and the Court agrees, that the Related Actions are substantially the same and consolidation is appropriate. *See generally* [Dkt. 11]. Each lawsuit arises from the same common set of alleged operative facts, namely the same data breach event. And all Plaintiffs assert overlapping claims, on behalf of similarly defined putative classes, seeking similar relief. Under such circumstances, and in the specific context of multiple data breach actions, courts have found consolidation appropriate. *See, e.g.*, *Lockhart v. El Centro Del*

*Barrio*, No. SA-23-CV-01156, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate where plaintiffs were "asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-CV-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) (holding that common questions of law and fact permeated consolidated cases "aris[ing] from the same alleged data breach"); *Ruiz v. Prestige Maint. USA, Ltd.*, No. 4:25-CV-805, 2025 WL 2917097, at *2 (E.D. Tex. Oct. 14, 2025) (similar).

Consolidation here will also avoid the risk of inconsistent judgments in the Related Actions. *See Lockhart*, 2024 WL 303253, at *2 (holding that "[c]onsolidation [would] ensure consistent rulings and promote judicial economy" where three cases asserted "causes of action based on the same data breach resulting from the same cyberattack."); *JFP Servs., LLC v. Torans*, No. SA-17-CV-00210, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be tried separately before different judges[.]"). It will also reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for the cases arising from the Data Breach. *See Bayati v. GWG Holdings, Inc.*, No. 3:22-CV-0410, 2023 WL 5925880, at *2–3 (N.D. Tex. Sept. 12, 2023) (explaining that where two actions "ma[de] nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation would "promote judicial efficiency"); *Gate Guard Servs. L.P. v. Solis*, No. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

Further, the Court finds that any prejudice to the parties resulting from consolidation will be minimal in comparison to these considerations. *See Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi v. Celadon Trucking Servs., Inc.*, No. H-08-3508, 2009 WL 736057, at *2 (S.D. Tex. Mar. 16, 2009) (approving consolidation of cases arising from a multi-vehicle collision where the cases shared common questions of law and fact, the risk of prejudice or confusion was "minimal," and such risk was "outweighed by the risk of inconsistent judgments should the cases be tried separately").

Finally, the Related Actions are procedurally positioned for consolidated treatment, as they are all pending before this Court and at the same early stage of proceedings, with each complaint filed within three days of each other, no discovery under way, and no dispositive motions pending. *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-915, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where "the cases are at the same stage of preparation for trial"); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred").

For these reasons, the Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding, which will preserve party and judicial resources.

**III.**

It is therefore **ORDERED** that the Consolidated Motion is **GRANTED IN PART**.

Specifically, Plaintiffs' request to consolidate the Related Actions is **GRANTED.** It is **ORDERED** that the Related Actions shall be consolidated for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a), before this Court (the "Consolidated Action"). *Feldman v. Catalyst Brands LLC et al.*, No. 4:26-CV-649, is designated the Lead Case.

All parties are instructed to file any future filings in the Lead Case. The Court will enter one scheduling order, one protective order, and one discovery order that will govern the entire Consolidated Action. The local rules' page limitations for motions will apply to the Consolidated Action. To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that other related cases are filed on the Court's docket that may also be appropriate for consolidation with this case.

All papers filed in the Consolidated Action shall be filed under the Lead Case and shall bear the following caption:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE CATALYST BRANDS LLC et al. | § | |
| DATA BREACH LITIGATION | § | MASTER FILE NO. 4:26-CV-00649 |
| | § | |
| This Document Relates To: | § | |
| | § | |

The case file for the Consolidated Action will be maintained under Master File No. 4:26-CV-00649. When a pleading is intended to apply to all actions to which this Order applies, the words "ALL ACTIONS" shall appear immediately after the words "This Document Relates To:"

in the caption. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the filing is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption (*e.g.*, "No. 4:26-CV-00665, *Hofmann*").

All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

It is further **ORDERED** that Plaintiffs' request to appoint Interim Class Counsel is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 23(g), and pending further order of the Court on this issue, the Court hereby appoints Gerald D. Wells, III of Lynch Carpenter, LLP and Raina C. Borrelli of Strauss Borrelli PLLC as Interim Class Counsel to act on behalf of the Plaintiffs and the putative class members in the Consolidated Action.[2] Interim Class Counsel shall have the sole authority to handle the responsibilities set forth below:

- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;
- Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;
- Convene meetings amongst counsel;
- Conduct settlement negotiations on behalf of Plaintiffs and the putative class;
- Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;
- Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

[2] The Court notes that the reference to "putative" class members in this Order is significant. There are no actual "class members" unless and until a class has been certified. *See Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020) (citing *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) for the proposition that "until certification there is no class action but merely the prospect of one").

- Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;
- Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;
- Serve as the primary contact for communications between the Court and other plaintiffs' counsel;
- Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on plaintiffs' counsel via the Court's electronic filing system);
- Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;
- Make available to other plaintiffs' counsel documents produced by the Defendant; and
- Allocate attorneys' fees.

Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Class Counsel and no other plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Class Counsel.

Interim Class Counsel shall have sole authority to communicate with Defendants' counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

It is further **ORDERED** that the parties' request to stay the Related Actions as to pleading and other deadlines is **DENIED.** The Court will enter an order scheduling a Rule 16 Case Management Conference for the Consolidated Action following the entry of this Order.

It is further **ORDERED** that Plaintiffs' request for a 45-day deadline to file a consolidated class-action complaint, and Defendants' request for a 45-day deadline to file an answer, are **GRANTED**. Plaintiffs in the Consolidated Action shall file an operative consolidated class-action complaint within forty-five (45) days of the date of this Order. Defendants shall answer or otherwise respond to the consolidated pleading within forty-five (45) days from the date on which Plaintiffs file the consolidated class-action complaint.

This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data breach underlying this litigation.

**SIGNED this 8th day of October, 2026.**

Michael J. Truncale
United States District Judge